UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TIMOTHY JOHN DOBBS,

       Plaintiff,

v.

SHERIFF NICOLE MORRISEY
O'DONNELL; and DERRICK PETERSON,

       Defendants.

Case No. 3:22-cv-01224-MK

ORDER

KASUBHAI, Magistrate Judge.

      Plaintiff, an adult in custody at Multnomah County Inverness Jail, files suit under 42 U.S.C. § 1983 and alleges violations of his right to privacy under the Fourteenth Amendment. Plaintiff's Complaint fails to state a cognizable § 1983 claim as currently alleged, and he is allowed the opportunity to amend his Complaint.

- 1 -    ORDER

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Here, plaintiff alleges that he noticed a video camera recording him as he showered at the Inverness Jail. Plaintiff alleges that the video surveillance in the shower implicates his right to bodily privacy and violates the Prison Rape Elimination Act (PREA).

Prisoners retain a "limited right to bodily privacy" in "[s]hielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex." *Michenfelder v. Sumner*, 860 F.2d 328, 333 (1988). However, a constitutional violation does not occur when the observation of an inmate's "naked body is 'only infrequent and casual' or 'at [a] distance,' and is 'reasonably related to prison needs.'" *James v. Lee*, 485 F. Supp. 3d 1241, 1258 (S.D. Cal. 2020) (citing *Michenfelder*, 860 F.2d at 334). Likewise, an unclothed search of an inmate does not rise to the level of a constitutional deprivation unless it is "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder*, 860 F.2d at 332. Plaintiff does

not allege facts suggesting that the alleged surveillance was continuous, harassing, gratuitous, or unrelated to legitimate correctional purposes, and he does not allege that his naked body was viewed by female correctional officers.

Further, plaintiff cannot bring a claim under PREA, because PREA does not provide a private cause of action. *Pope v. Or. Dep't of Corr.*, 2012 WL 1866601, at *4 (D. Or. May 22, 2012) ("To the extent plaintiff is asserting a violation of PREA, there is no private right of action.")

Finally, plaintiff does not allege that the named defendants – O'Donnell and Peterson – were personally involved in the alleged surveillance or the violation of his rights. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

At this stage of the proceedings, I cannot find that amendment would be futile and plaintiff is afforded the opportunity to amend his Complaint. Within thirty days from the date of this Order, plaintiff must file an Amended Complaint and indicate: (1) the constitutional right plaintiff believes was violated; (2) the name or title of the person who violated that right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Within thirty days from the date of this Order, plaintiff shall submit an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 9th day of September 2022.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge